IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM MARTIN PAYNE,**   CASE NO. 2:07-cv-532
   **JUDGE SARGUS**
    **Petitioner,**   **MAGISTRATE JUDGE ABEL**

v.

**TIMOTHY BRUNSMAN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  This case involves petitioner's conviction in the Franklin County Court of Common Pleas pursuant to his guilty plea on one count of felonious assault.  The trial court sentenced petitioner to five years incarceration pursuant to the joint recommendation of the parties.  The Ohio Tenth District Court of Appeals affirmed petitioner's conviction and the Ohio Supreme Court dismissed petitioner's subsequent appeal.  As his sole ground for habeas corpus relief, petitioner asserts that his guilty plea was not knowing, intelligent or voluntary because the trial court mislead him regarding the availability of post conviction relief to raise a claim that his speedy trial rights had been violated.  For the reasons that follow, the Magistrate Judge concludes that this claim is without merit and therefore  **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant-appellant, William M. Payne , appeals from a judgment of the Franklin County Court of Common Pleas convicting him of one count of felonious assault, in violation of R.C. 2903.11, and imposing a five-year sentence of imprisonment. For the following reasons, we affirm.
>
> On May 5, 2005, the grand jury indicted Payne of: (1) aggravated burglary, in violation of R.C. 2911.11, (2) attempted murder, in violation of R.C. 2923.02 as it relates to R.C. 2903.02, (3) felonious assault, in violation of R.C. 2903.11, and (4) tampering with evidence, in violation of R.C. 2921.12. Payne was arrested and held in jail in lieu of bond. On July 21, 2005, Payne, acting pro se, filed an "Application for Writ of Habeas Corpus," in which he argued, in part, that the scheduling of his trial over 90 days after his arrest violated his speedy trial rights. Subsequently, Payne's appointed attorney filed a motion to dismiss on that same ground, relying upon R.C. 2945.71.
>
> After the trial court denied the two motions, Payne pled guilty to count three of the indictment (the felonious assault count) and the state dismissed the remaining counts. On September 27, 2005, Payne appeared before the trial court so that he could enter his plea and the trial court could impose a sentence upon him. During this hearing, the trial court instructed Payne as to the matters set forth in Crim.R. 11(C)(2), asking periodically whether Payne understood. Payne answered affirmatively to each question. The trial court and Payne then engaged in the following exchange:
>
> THE COURT: Anything you want me to explain, either about what you are pleading to, the sentence, the rights you are giving up? Any questions?

> THE DEFENDANT: Yes, I do have a question. Earlier during the process of this prosecution, me and my lawyer filed a motion to dismiss for lack of speedy trial, and the Court answered. You made a decision saying, you know, it's okay to go ahead and try it. Is it possible I could bring that issue up again or does that go out the window also?
>
> THE COURT: You have no right to appeal that decision. If, in some way, you feel your constitutional rights were violated, at a later time you are entitled to file what we call a post-conviction petition, an alleged constitutional violation of your rights. But in terms of direct appeal, you have given up your right to appeal that issue from this court's decision, because you are pleading guilty. You could try to raise it by issue of post-release conviction-post-conviction petition, and whether or not it would be successful, I wrote the decision, so I would say it wouldn't, but you could try it.
>
> THE DEFENDANT: I have no more questions.
>
> (Tr. at 10-11.)
>
> The trial court accepted Payne's plea and sentenced him to the jointly recommended five-year term of imprisonment. On September 29, 2005, the trial court issued a judgment entry reflecting Payne's conviction and sentence.

*State v. Payne,* 2006 WL 2573675 (Ohio App. 10 Dist. August 31, 2006). Petitioner did not file a timely appeal; however, the appellate court granted his motion for delayed appeal, *see Exhibits 8 and 10 to Return of Writ.* Represented by the Franklin County Public Defender as new counsel, petitioner asserted the following assignment of error:

> The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions.

*See id.* On August 31, 2006, the appellate court affirmed the trial court's judgment. *Id*. Petitioner filed a timely appeal. On January 24, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Payne*, 112 Ohio St.3d 1445 (Ohio 2007); *Exhibit 16 to Return of Writ*.[1]

On June 11, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Before my trial date my lawyer filed a motion to dismiss on speedy trial grounds. The court overruled. During my plea hearing I asked the judge what remedies were available to me to appeal his decision overruling speedy trial motion. The court told me I had post conviction available to me for the issue raised. After conviction and sentencing, I filed post conviction motion which the judge then told me was barred by res judicata. I contend that I would not have taken the plea if not for this misleading information given to me by the judge. I contend that my rights to due process were violated because the court led me to believe that I had further due process available to me, but then I found out that that remedy was not available to me. I appealed to higher courts, both appellate court and Supreme Court of Ohio, and my conviction was affirmed. I would like to have my conviction taken away and be allowed to plea anew because if I would have been told the correct information from the trial court, I would not have taken a plea that eviscerated my rights.

It is the position of the respondent that this claim is without merit.

---

[1] Petitioner also filed a motion to withdraw his guilty plea on December 12, 2005. Exhibit 17 to Return of Writ. The trial court denied his motion on December 19, 2005. Exhibit 19 to Return of Writ. Petitioner apparently did not appeal.

## MERITS

Petitioner asserts that his guilty plea was not knowing, intelligent, and voluntary because the trial court misadvised him regarding the availability of post conviction relief for his claim of denial of the right to a speedy trial. The state appellate court rejected this claim as follows:

> By his only assignment of error, Payne argues that his plea is invalid because: (1) the trial court misled him about the availability of post-conviction review of his speedy trial argument, and (2) the trial court failed to engage him in a "meaningful dialogue" about the offense to which he pled and the constitutional rights he waived. We disagree with both arguments.
>
> \*\*\*
>
> In the case at bar, Payne claims that the trial court misled him about the effect of his plea when it implied that a court would consider whether his speedy trial rights were violated if he filed a post-conviction relief petition. Defendant asserts that, because of his plea, the doctrine of res judicata bars any claim he might raise in a post-conviction relief petition. For the purposes of this appeal, we will assume that this assertion is correct, and thus, we must also assume that the trial court's implication about the availability of post-conviction review is wrong.
>
> Generally, a defendant's plea is not knowing and intelligent if it is premised upon a trial court's erroneous explanation of the defendant's rights. *State v. Mitchell,* Trumbull App. No. 2004-T-0139, 2006-Ohio-618, at ¶ 15; *State v. Atchley,* Franklin App. No. 04AP-841, at ¶ 11. However, because post-conviction review is not one of the constitutional rights included in Crim.R. 11(C)(2)(c), Payne's plea is not invalid unless the erroneous representation prejudiced him. Thus, Payne must prove that, but for the implication that post-conviction review of his speedy trial argument was available, he would

5

> not have entered his plea. Payne fails to satisfy this burden. Nothing in the record indicates that Payne's decision to plead guilty hinged upon his belief that he could challenge the alleged violation of his speedy trial rights before another court. Payne made no statement from which we might infer that the trial court's answer to his single question had any impact on his decision to plead. Further, from what testimony is in the record, we find it unlikely that Payne gave much weight to the availability of post-conviction review given that the trial court told Payne that in all likelihood his speedy trial argument would not be successful. Therefore, we conclude that the trial court's statements about post-conviction review did not prejudice Payne, and thus, did not invalidate his plea.

*State v. Payne, supra.*

The factual findings of the state court are presumed to be correct: 28 U.S.C. § 2254 (e) provides:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

6

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).

> A state court's determination is contrary to federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of federal law when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner. *Id.* at 413, 120 S.Ct. 1495.

*Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005).  Petitioner has failed to meet this standard here.

7

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988)(quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 74.

The record reflects that

> [a] jury had already been empaneled and the victim, the first witness, had been called. After the victim's testimony, the defendant indicated to his counsel that he wished to withdraw his not guilty plea and plead guilt, which he did.

*See Exhibit 19 to Return of Writ*; *see also Transcript, Guilty Plea,* at 6. Pursuant to the terms of his guilty plea, on September 27, 2005, petitioner pleaded guilty to count three of the

8

indictment, which charged him with felonious assault, a felony of the second degree. *Id.*, at 2.  As a result, the prosecutor dismissed the remaining charges against him, *i.e.*, aggravated burglary, attempted murder, and tampering with evidence. *Id.*  The trial court imposed five years incarceration pursuant to the joint recommendation of the parties.  At the time of petitioner's guilty plea and sentencing, the trial court advised petitioner of the elements of the offense to which he was pleading guilty as well as all of the rights he was waiving by virtue of his guilty plea. *See id.*, at 5-9.  The trial court told petitioner that by entry of his guilty plea he was giving up his right to appeal. *Id.*, at 9.  As discussed by the state appellate court, the following discussion then ensued:

> COURT: Anything you want me to explain, either about what you are pleading to, the sentence, the rights you are giving up?  Any questions?
>
> DEFENDANT: Yes, I do have a question.  Earlier during the process of this prosecution, me and my lawyer filed a motion to dismiss for lack of speedy trial, and the Court answered.  You made a decision saying, you know, it's okay to go ahead and try it.  Is it possible I could bring that issue up again or does that go out the window also?
>
> COURT: You have no right to appeal that decision.  If, in some way, you feel your constitutional rights were violated, at a later time you are entitled to file what we call a post conviction petition, an alleged constitutional violation of your rights.  But in terms of direct appeal, you have given up your right to appeal that issue from this court's decision because you are pleading guilty.  You could try to raise it by issue of ... post conviction petition, and whether or not it would be successful... I would say it wouldn't, but you could try it.
>
> DEFENDANT: I have no more questions.

9

*Id.*, at 11.  Petitioner stated he was satisfied with his attorney.  *Id.*  Defense counsel agreed with the prosecutor's statement of facts:

> [O]n the early afternoon of April 28, 2005, Franklin County, State of Ohio, 1392 Miller Avenue, Mr. Payne stabbed and/or cut Jonathan Crow with one or more knives.  Mr. Crow suffered cuts and stab wounds about his throat, his chest area, his arms.  He was taken to Grant Hospital, he was treated, remained at the emergency room for a few hours and was released, and this did all occur in Franklin County, State of Ohio.

*Id.*, at 11-12.  When asked if he had anything he wanted to say to before imposition of sentence, petitioner stated:

> I want to express my deep, heart-felt sorrow for what happened.  I feel bad.  It was just some messed up circumstances.  I wasn't going to keep burdening the Court with a trial.  I feel very badly, and I hope you find in your heart to forgive me.  I mean that from my heart.

*Id.*, at 13.

The record fails to support petitioner's allegation that his guilty plea was not knowing, intelligent, and voluntary.

> A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. See *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

10

*White v. Lafler*, 2006 WL 2669938 (E.D. Michigan September 18, 2006).  Such were the circumstances in this case.  The record does not reflect that the state appellate court's rejection of petitioner's claim was contrary to or an unreasonable application of federal law or based upon an unreasonable determination of the facts in view of the record.  Despite the trial court's inaccurate advice regarding petitioner's ability to pursue his speedy trial claim after pleading guilty,[2] the trial court told petitioner he had no right to appeal and that a post conviction petition would not likely meet with success.  Petitioner made no statements at that time to indicate that his ability to pursue a speedy trial claim was determinative to his decision to plead guilty.  Further, the record does not indicate that the prosecutor would have been unable to prove the charge against petitioner, and by entry of his guilty plea, and petitioner substantially reduced his potential prison exposure by entry of the guilty plea, indicating solely his remorse.  To the extent that petitioner asserts an issue regarding the alleged violation or misinterpretation of state law by the state appellate court, *see Traverse*, such claim is not appropriate for federal habeas corpus review.  28 U.S.C. §2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this

---

[2] "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson, supra*, 411 U.S. at 267.

11

action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge
